JOHN A. HURLOCK *v.* WILLIAM A. MURPHY and THOMAS COPERTHWAITE, trading under the name and firm of MURPHY & COPERTHWAITE.

The distinction between an implied and an express contract, lies not in the nature of the undertaking, but in the mode of proof. The law, however, presumes or implies a promise only, where it does not appear that there was any special agreement between the parties. For if there is a special contract, which is still open and unrescinded, embracing the same subject matter with the common counts on an implied promise merely, the plaintiff though he fails to prove the special contract as alleged, will not be allowed to recover on the common counts for the same demand upon an implied promise simply. But if he fails altogether to prove a special contract, he may recover on the common counts and an implied promise as much as he may reasonably deserve upon the facts proved in the case.

So long as the special contract continues executory, the plaintiff must declare specially upon it; but when it has been performed on his part, and nothing remains to be done but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, he may declare generally, or in the common counts on the implied promise, or he may declare specially on the original contract and express promise, at his election.

If the mode of payment was to be any other than in money, the count must be on the special contract; and if it was to be in money and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit has expired.

This election to sue upon the common counts, when there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff. But when, though partly performed, it has been aban-

doned by mutual consent, or rescinded or defeated by some act on the part of the defendant, the plaintiff may resort to the common counts alone, for remuneration for what he has done under the special agreement. In such case, however, it is not enough to prove that he has been hindered, or prevented by the defendant from performing the contract on his part, for as he must sue upon the agreement itself, it must further appear from the circumstances, that he was at liberty to treat it as at an end.

But where it appears that what was done by the plaintiff, was done under a special contract, but not in the stipulated time and manner, and yet was beneficial to the defendant and has been accepted by him, although he cannot recover upon the contract from which he has departed, yet he may recover on the common counts for the reasonable value of the benefit which, upon the whole, the defendant has derived from what he has done.

ASSUMPSIT for fifty cords of wood sold and delivered by the plaintiff to the defendants. The bargain had been made chiefly by letters from the latter to the former, which proved that a special contract had been entered into between them for the purchase of a specific quantity of wood on the line of the Delaware Railroad at Blackbird Crossing, consisting by estimation of one hundred and forty cords, by the defendants from the plaintiff, at the price of $3 75 per cord; and their last letter to him dated September 16th, 1862, stated that they would take the wood at that price, pay the freight on it to Wilmington, which was $1 25 per cord, and give their note for the balance, payable in four months. At that time the price of such wood in Wilmington was $3 75 per cord, and the plaintiff delivered in a few months fifty cords of it, but the price having then advanced to $4 00 per cord there, he delivered no more of it, and brought the present action at the late November Term of this court, to recover the value of the part delivered to them.

*Rodney*, for the plaintiff: The defence would be that there was a special contract between the parties for the sale and delivery of a specific quantity of wood at a specified price per cord to the defendants, which should have been entirely, and not partially, performed to entitle him

to recover.    But the action was not on a special contract, if any had been proved, which he denied; on the contrary, it was simply for the quantity of fifty cords which he had sold and delivered to them, and which they had received and retained and had never offered to return to him.    And the price he demands for it, was $2 50 per cord, the price per cord on the railroad agreed to be paid for it by them.    Admitting, however, for the sake of argument, that it was a special or entire contract for the sale and delivery of the whole quantity alleged, still as the defendants had never returned, or offered to return the quantity actually sold and delivered to them, and the suit had not been brought until after the expiration of a reasonable time within which such special contract should have been entirely performed, the plaintiff would be entitled to recover on the *quantum meruit* in the present action for the wood delivered to and retained by them, at the price per cord agreed upon by them.    For if the contract is entire for the sale and delivery of an undivided quantity of goods at a certain price by a given time, the vendor could not after delivering part of them, sue for the price of that part, until the whole had been delivered; but if a part had been delivered and had been retained and used by the purchaser after the time for the delivery of the whole had expired, the purchaser would be bound to pay, notwithstanding the non-performance of the whole contract by the vendor, for what the part so retained and used by him, would be reasonably worth. *Reed v. Runn*, 21 *E. C. L. R.* 106.    Where by a contract of sale the vendor agreed to deliver two hundred and fifty bushels of wheat within a specified time, and delivered one hundred and thirty bushels, but not the residue, and what was delivered was retained and used by the purchaser, it was held that the vendor might, after the time specified by the contract for the delivery of the whole had expired, recover from the purchaser the value of the one hundred and thirty bushels delivered to and retained by him.    *Oxendale v. Wetherell*, 17 *E. C. L. R.* 401.

*Patterson,* for the defendants : The rule of law was that in an action of assumpsit on a special contract with the common counts added, the plaintiff may recover on the *quantum meruit,* if he fails to prove the special contract ; but if he proves a different special contract, he will utterly fail to recover on that, and also upon the *quantum meruit.* And no action will lie on an open agreement to recover for a part performance of it ; but where the agreement, though special, had been performed on one side, and nothing was to be done on the other, but to make a money payment, that might be enforced in an action of *indebitatus assumpsit.* But the performance in such case was a condition precedent, which should be averred and proved ; and where the promises were mutual and went to the whole consideration on both sides, they were mutual conditions and conditions precedent, and each is bound to aver and prove the performance of the entire promise or covenant on his part, before he can recover against the other party for a breach of the promise or condition to be performed by him. *Add. on Contr.* 447, 864. *McMillen v. Vanderlip,* 12 *Johns.* 165. *Jennings v. Camp,* 13 *Johns.* 94. 2 *East* 145. *Rees v. Lines,* 34 *E. C. L. R.* 324. *Stephens v. Beard,* 4 *Wend.* 606. *Lantry v. Parks,* 8 *Cow.* 63. *Porter v. Beltzoover,* 2 *Harr.* 484. *Bayard v. McLane,* 3 *Harr.* 139. But should the court be of opinion that the action might be maintained and that the plaintiff might recover on the *quantum meruit* for the part of the wood delivered to the defendants and retained and used by them, notwithstanding there was a special contract for the sale and delivery of a specific quantity of much larger amount at a specified price, to be paid for in part on delivery and the balance of the whole price by a note at four months, then he should contend that it was a proper case for the *recoupment* of damages on behalf of the defendants, sustained by them by reason of the refusal of the plaintiff to perform the entire contract and to deliver the whole quantity agreed upon, and the loss of the profits which they would have realized on the balance of the wood had it been de-

70

livered to them pursuant to the contract, and which loss he estimated at eighty dollars. *Draper v. Randolph & Co.* 4 *Harr.* 456.

*Rodney*, in reply : The cases which had been cited on the other side differed materially from the present one. Most of them were cases of hiring and for work and labor done, and in which the contracts were entire in a sense very different from that which the term imports when applied to a contract such as this was, and in which it was either expressly agreed, or clearly implied that nothing was to be paid until the whole contract had been performed. But in the present case the contract was for the sale and delivery of goods to be delivered in divided parcels at different times, in which it would be dangerous and of doubtful policy to hold that a delivery of part without the whole, would be a delivery of none, or would constitute a legal and absolute forfeiture of all the goods which had been delivered under it. But even in reference to the principle ruled in the cases cited, it had now been well settled that when a person has been employed to work and labor for a specified time, and he leaves or abandons the work before the expiration of it, he may recover for the work done in the meanwhile whatever it may be reasonably worth, but cannot sue for it before the expiration of the time fixed for the performance of the whole of it. And as to the strange and novel doctrine, or principle of *recoupment,* as it was called and its foreign and imported appellation so distinctly implied, it could not apply in a case like this which was so entirely unlike both in the circumstances and character of it, the case of *Draper v. Randolph & Co.,* 4 *Harr.* 454 ; for in that case, it was not the vendor who failed, or refused to deliver the whole goods, but the purchaser who declined to receive the balance of the goods, on the sole ground that they were inferior in quality to the part first delivered and to what he was entitled to receive according to the terms of the contract.

*The Court, Gilpin, C. J.,* charged the jury, that the action was one in which the plaintiff was seeking to recover on the common counts in assumpsit as it was termed, for fifty cords of wood sold and delivered to the defendants, to which the defendants alleged that there was a special contract between them for the sale and delivery of a larger quantity—a specific quantity of one hundred and forty cords on the line of the Delaware Railroad at the place mentioned, and the whole of which they were ready and willing to receive and pay for pursuant to such contract, but that the plaintiff after delivering the fifty cords sued for by him, had wholly omitted, neglected and refused to deliver the balance, or any more of it to them, and they therefore contend that in consequence of his refusal and failure to deliver the whole of the wood contracted for, and to perform the agreement fully on his part, they were not bound in law to a partial performance of the agreement on their part, or to pay for the portion delivered to and received by them, or for anything less than the whole quantity under the contract. Because, as they allege, the contract between them was one entire, or indivisible contract for the sale and delivery, of not a part, but the whole of the specific quantity of wood stated, and that it should have been fully performed and completed in its entirety by the plaintiff, before he could maintain this, or any action against them upon it. The law in such cases had been well settled and well stated in a work of acknowledged authority from whicu he would read what was said in regard to it. The distinction between general or implied contracts and express or special contracts, lies not in the nature of the undertaking, but in the mode of proof. The action of assumpsit is founded upon an undertaking or promise of the defendant, not under seal ; and the averment always is that he undertook and promised to pay the money sued for, or to do the act mentioned. The evidence of the promise may be direct, or it may be circumstantial, to be considered and weighed by the jury, or the promise may

be imperatively and conclusively presumed by law from the existing relations proved between the parties, in which case, the relation being proved, the jury are bound to find the promise; and after verdict the promise is presumed to have been actually proved. The law, however, presumes a promise only where it does not appear that there is any special agreement between the parties. For if there is a special contract, which is still open and unrescinded, embracing the same subject matter with the common counts on a promise presumed or implied in law merely, the plaintiff, though he should fail to prove the special contract alleged and the express promise relied on in his case under the special count, will not be allowed to recover on the common counts for the same demand upon a presumed, or implied promise simply. But though there is a count on a special agreement, yet if the plaintiff fails altogether to prove its existence, or there is no proof of a special agreement in the case before the jury, he may then proceed and recover upon the common counts upon an implied promise to pay him whatever he may reasonably deserve and be justly entitled to receive upon the facts proved. The rules of law on the subject are that so long as the special contract continues executory, the plaintiff must declare specially; but when it has been performed and executed on his part, and nothing remains to be done but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, or in the common counts upon the implied promise, or he may declare specially on the original contract and express promise, at his election. If the mode of payment was to be any other than in money, the count must be on the special or original contract. And if it was to be in money, and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit has expired. This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed

by the plaintiff.   But where the contract, though partly performed, has been abandoned by mutual consent of the parties, or has been rescinded, or defeated by some act on the part of the defendant, the plaintiff may resort to the common counts alone, for remuneration for what he has done under the special agreement.   But in such case, it is not enough to prove that the plaintiff was hindered, or prevented by the defendant from performing the contract on his part; for in that case, as we have just seen, he must sue upon the agreement itself; but in such case, it must further appear from the circumstances, that he was at liberty to treat it as at an end.   And where it appears that what was done by the plaintiff, was done under a special agreement, but not in the stipulated time and manner, and yet was beneficial to the defendant, and has been accepted and enjoyed by him, though the plaintiff cannot recover upon the contract, from which he has departed, yet he may recover, upon the common counts, for the reasonable value of the benefit, which, upon the whole, the defendant has derived from what he has done. 2 *Greenl. Ev. secs.* 102, 103, 104.   Such were the general rules which had now become well known and established with regard to the matter, and as it appeared from the evidence that the wood was to be paid for in money at a certain price per cord when delivered to the defendants, to the amount of the freight upon it on the delivery and the balance by their note payable in four months thereafter, by which a credit for that length of time was to be allowed by the plaintiff on the residue of the price to be paid for it, which was at the rate of $2,50 per cord, if the jury were satisfied from the proof before them that such was the contract between the parties that it was not concluded and entered into prior to the date of the last letter which had been read in evidence from the defendants to the plaintiff on the subject, and which was the 16th day of September, 1862, or that this action was brought by him, which was to the following November Term of this court, before the four months had expired

from the time the quantity of wood in question and now sued for, had been delivered by him to the defendants, he could not recover, and their verdict should be for the defendants. And as there was no dispute or controversy as to that matter of fact, it was unnecessary to notice any of the other points which had been raised in the case. For as we have seen from the citations just read, as well as those which had been produced by the counsel for the plaintiff, in case the jury should be satisfied from the evidence before them, that the agreement was that the plaintiff was to sell and deliver to the defendants on the line of the railroad a quantity of wood at $3,75 per cord, and that the defendants were to pay for the freight of the same over the road to the city of Wilmington, which was $1,25 per cord, and which was equivalent to the price of $2,50 per cord for the wood delivered on the line of the road, with a credit thereon of four months from the delivery of it, that no action would lie to recover for the partial performance of a special agreement, until after the time had expired which had been appointed for the full and complete performance of it by both parties, of course, the plaintiff could not be entitled in law to recover upon it, if the action had been instituted prior to the expiration of that period. But if, on the contrary, the jury should be satisfied on the proof before them, that there was no such special or express contract between the parties, but the agreement was that the plaintiff was to sell and deliver and the defendants were to receive and pay for, without any credit thereon, the quantity of wood sued for, or any other quantity that he might choose to deliver at the place referred to, then the plaintiff would be entitled to recover, and the measure of his damages would be the current price per cord of such wood at the time, and at that place, when it was so delivered there.

The defendants had a verdict.